# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MATTHEW RACZKA,**

    **Plaintiff,**                                **CASE NO.:**

**v.**

**WALT DISNEY PARKS AND**
**RESORTS U.S., INC.,**

    **Defendant.**
_____/

## COMPLAINT

Plaintiff, MATTHEW RACZKA, hereby sues Defendant, WALT DISNEY PARKS AND RESORTS U.S., INC., and alleges:

## NATURE OF THE ACTION

1. This is an action brought under Chapter 760, Florida Statutes (Florida Civil Rights Act) and 42 U.S.C. §§12101 et seq. (Americans with Disabilities Act of 1990). Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 (federal question jurisdiction), 28 U.S.C. §1343 (civil rights claim jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).  Costs and attorney's fees are also sought under these laws.

2. This is an action involving claims which are, individually, in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of fees, costs and interest.

## THE PARTIES

3. At all times pertinent hereto, Plaintiff, MATTHEW RACZKA, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class because of his actual or perceived disability.

4. At all times pertinent hereto, Defendant, WALT DISNEY PARKS AND RESORTS U.S., INC., has been conducting business in the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff began his employment with Defendant on April 27, 2015 and held the position of sales associate at the time of his wrongful termination on December 1, 2017.

7. Despite Plaintiff's stellar work performance, he was subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of his actual or perceived disability and record of impairment.

8. The mistreatment came at the hands of specifically but not limited to manager Neil (L/N/U) and Pete (L/N/U).

9. Plaintiff has had disabilities since a very young age. As such, he provided Defendant with his physician's documentation that he required disability accommodations, yet no one with Defendant ever spoke to Plaintiff about his requested accommodations.

10. In July 2017, Plaintiff was transferred to a new full-time position. Shortly thereafter, Neil began to target Plaintiff and excessively counsel him. When Neil counseled Plaintiff, he would take him to a room alone which occurred an estimated 8-12 times. During these sessions, Plaintiff was somewhat intimidated and could not figure out at times what he was alleged to have done wrong. Plaintiff was never reprimanded or disciplined, and no notations were placed in his file. During these counselings, Plaintiff always asked for a union steward or someone else present to assist him, though this was never honored.

Plaintiff noticed that none of his non-disabled co-workers were repeatedly counseled in such a manner.

11. In November 2017, Human Resources ("HR") representative Pete presented Plaintiff with three complaints for which he said Plaintiff was being investigated. The accusers were never identified and the allegations complained of were baseless and ridiculous. For instance, it was alleged that Plaintiff was sitting at a table with a cast member and making her uncomfortable; that he makes guests feel uncomfortable; and that he forcibly put his telephone number in a co-worker's phone. Again, Plaintiff's non-disabled co-workers were not subjected to allegations with no foundation.

11. An investigation was never conducted and Plaintiff never had the opportunity to confront his accusers.

12. On December 1, 2017, Plaintiff was called to HR where Pete terminated him as a result of the alleged and phantom complaints. Plaintiff was struggling to understand why he was being fired, though Defendant never took the time to explain to Plaintiff why he was terminated. Defendant's actions were discriminatory and disability-based.

13. Defendant has failed to reasonably accommodate Plaintiff, taken action against him because of an actual or perceived disability, record of

impairment and never engaged in the interactive process with him. Instead, the actions against Plaintiff were motivated by his disability/perceived disability and/or record of having an impairment.

14. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the statutory provisions cited herein and such other grounds as are authorized.

## COUNT I
## DISABILITY DISCRIMINATION

15. Paragraphs 1-14 are re-alleged and incorporated herein by reference.

16. This is an action against Defendant for disability discrimination pursuant to Chapter 760, Florida Statutes (Florida Civil Rights Act) and 42 U.S.C. §§12101 et seq. (Americans with Disabilities Act of 1990).

17. Plaintiff has been the victim of discrimination on the basis of his actual and/or perceived disability and/or his record of having an impairment. During the course of Plaintiff's employment with Defendant, he was treated differently than similarly situated employees who did not have an actual or perceived disability.

18. Defendant is liable for the differential treatment, failure to accommodate Plaintiff and the failure to engage in the interactive process with Plaintiff due to his actual and/or perceived disability and/or record of having an

impairment, which adversely affected the terms and conditions of Plaintiff's employment with Defendant and resulted in his termination.

19. Defendant controlled the actions and inactions of the persons making decisions effecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

20. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

21. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiff's termination.

22. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability.

23. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay,

bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff including reinstatement;

(c) enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendants for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding costs;

(f) award Plaintiff interest; and

(g) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated this 10th day of October 2019.

                                        Respectfully submitted,

                                        s/ Marie A. Mattox
                                        Marie A. Mattox [FBN 0739685]
                                        MARIE A. MATTOX, P.A.
                                        203 North Gadsden Street
                                        Tallahassee, FL 32301
                                        Telephone:  (850) 383-4800
                                        Facsimile:   (850) 383-4801

                                        ATTORNEYS FOR PLAINTIFF